# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                       Civ. No. 17-1234

$71,000.00 IN UNITED STATES CURRENCY,

    *Defendant-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

### DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    a. Seventy One Thousand dollars ($71,000.00) in United States Currency, (hereafter referred to as "Defendant Currency").

3. The Defendant Currency was seized by the Department of Homeland Security, Homeland Security Investigations on August 16, 2017, in the District of New Mexico.

4. The Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On August 16, 2017, at approximately 6:30 p.m., Border Patrol Agent Mark Bost and Border Patrol Agent Armando Vela and his trained and drug detection canine partner Rude were stationed at the Interstate 10 west checkpoint outside of Las Cruces, NM. Justin Robin Murphy drove a 2006 Mercury Montego with Florida plates westbound into the checkpoint. When the Mercury entered the checkpoint, canine Rude alerted positively on the car for the odor of illegal controlled substance. Agent Vela informed Agent Bost, who was stationed in the primary lane checking citizenship, of the canine's alert. Agent Bost observed that Murphy was visibly nervous. Murphy first claimed ownership of the car, then said that his father was the registered owner. Agent Bost referred Murphy to secondary area.

8. Once in secondary, Agent Vela informed Murphy that the canine had alerted to the car. Agent Vela asked Murphy if he had any weapons, narcotics, or large amounts of currency in the Mercury. Murphy replied that there were not. A systematic canine inspection was conducted. The canine again alerted positively for the odor of illegal controlled substance. Murphy was informed of the alert. Murphy consented to a further search of the Mercury. The

search revealed a vacuum-sealed brick-like bundle wrapped in clear plastic and black duct tape wedged underneath the bottom of the passenger seat.

9. Agents asked about currency in the Mercury. Murphy claimed that there was approximately $70,000 hidden under the "rear seat" of the Mercury. He claimed that some of the money was his but that most of the money belonged to someone else.

10. Agent Vela conducted a "luggage lineup" of the black bundle of currency together with other sterile objects. Canine Rude again alerted to the black bundle for the odor of illegal controlled substance.

11. HSI Special Agent Brandon Hall was called to the checkpoint. By the time he arrived, Murphy had invoked his right to counsel.

12. An official count of the currency at Citizens Bank in Las Cruces resulted in a total of $71,000 in the following denominations: 409 hundred dollar bills, 180 fifty dollar bills, 1052 twenty dollar bills, and 6 ten dollar bills.

### FIRST CLAIM FOR RELIEF

13. The United States incorporates by reference the allegations in paragraphs 1 through 12 as though fully set forth.

14. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

15.     Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

16.     The United States incorporates by reference the allegations in paragraphs 1 through 12 as though fully set forth.

17.     Title 18, United States Code, Section 981(a)(1)(C) provides, in part, for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specific unlawful activity" (SUA) as defined in 18 U.S.C. § 1956(c)(7), or conspiracy to commit such offense.

18.     18 U.S.C. § 1952 prohibits interstate and foreign travel or transportation with the intent to (1) distribute the proceeds of any unlawful activity; (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity.  Unlawful activity is defined in 18 U.S.C. § 1952(b).

19.     Defendant Currency is the proceeds of a violation of 18 U.S.C. § 1952 or is the proceeds traceable to such property and, is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*/s/ S.R.K.*

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Border Patrol Agent with the United States Border Patrol, Customs and Border Protection Department of Homeland Security who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: December 14, 2017

XK297

Border Patrol Agent, Armando Vela, Jr.
United States Border Patrol, Las Cruces Border Patrol Station.