## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                   Case No. 1:17-cv-01234-RB-CG

$71,000.00 IN UNITED STATES CURRENCY, et al.
    Defendants.

## ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW Claimant, Justin Murphy, by and through his attorney, William S.

Jennings, in accordance with Supplemental Rule G(2) of the Supplemental Rules of Certain

Admiralty or Maritime Claims and Asset Forfeiture Actions, and hereby files his Answer to

Verified Complaint For Forfeiture *In Rem* (hereinafter "Verified Complaint") as follows:

1. The Claimant Justin Murphy denies the allegations set forth in paragraph 1 of the
   Nature of the Actions.

2. Justin Murphy admits the allegations contained in paragraph 2 subsection a., of the
   Verified Complaint.

3. Justin Murphy admits the allegations contained in paragraph 3 of the Verified
   Complaint.

4. Justin Murphy admits the allegations contained in paragraph 4 of the Verified
   Complaint.

5. Justin Murphy admits the allegations contained in paragraph 5 of the Verified
   Complaint.

6. Justin Murphy denies the allegations contained in paragraph 6 of the Verified
   Complaint.

7. Justin Murphy denies the allegations contained in paragraph 7 of the Verified Complaint and demands strict proof thereof.

8. Justin Murphy denies the allegations contained in paragraph 8 of the Verified Complaint and demands strict proof thereof.

9. Justin Murphy denies the allegations contained in paragraph 9 of the Verified Complaint and demands strict proof thereof.

10. Justin Murphy denies the allegations contained in paragraph 10 of the Verified Compliant and demands strict proof thereof.

11. Justin Murphy admits the allegations contained in paragraph 11 of the Verified Complaint.

12. Justin Murphy admits the allegations contained in paragraph 12 of the Verified Complaint.

13. An answer to paragraph 13 is not applicable.

14. Justin Murphy denies the allegations contained in paragraph 14 of the Verified Complaint and demands strict proof thereof.

15. Justin Murphy denies the allegations contained in paragraph 15 of the Verified Complaint and demands strict proof thereof.

16. An Answer to paragraph 16 is not applicable.

17. Justin Murphy admits only to the definition of Title 18, United States Code, Section 981(a)(1)(C) and 18 U.S.C. §1956(c)(7) contained in paragraph 17 of the Verified Complaint and denies any allegations that Justin Murphy intended to perform any specific unlawful activity and demands strict proof thereof.

18. Justin Murphy admits only to the definition of 18 U.S.C. §1952 in paragraph 18 of the

Verified Complaint, but denies any allegations suggesting that Mr. Murphy

performed any unlawful activities and demands strict proof thereof.

19. Justin Murphy denies the allegations contained in paragraph 19 of the Verified

Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to provide a well-pleaded facts and plausible claims for
relief pursuant to Rule 8(a)(2) as the Plaintiff's claims and allegations are deficient and based on
assumptions.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint does not comply with the requirement of Supplemental Rule
G to "state sufficiently detailed facts to support a reasonable belief that the government will be
able to meet its burden of proof at trial" as the Claimant, Justin Murph, was never found to have
performed nor was he ever been arrested and/or charged with any crime of performing any alleged
specific unlawful activity as defined in 18 U.S.C. §1956(c)(7), to warrant said confiscation of the
Defendant Currency.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint does not comply with the requirement of Supplemental Rule
G to "state sufficiently detailed facts to support a reasonable belief that the government will be
able to meet its burden of proof at trial" as the Claimant, Justin Murph, was never found to have
received the Defendant Currency in exchange for a controlled substance or listed chemical in

violation of Title 21, United States Code, Section 881(a)(6) nor was the Defendant Currency found to be traceable to such an exchange or was intended to be used to facilitate any violation of the Controlled Substances Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint does not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" as the Claimant, Justin Murph, was never found to be in possession of the Defendant Currency from proceeds traceable to an offense constituting a "specific unlawful activity" (SUA) as defined in 18 U.S.C. §1956(c)(7).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint does not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" as the Claimant, Justin Murph, was never found to be in violation of 18 U.S.C. §1952 and was never charged with performing any unlawful activity as defined in 18 U.S.C. §1952(b).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint does not comply with the requirement of Supplemental Rule G to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" as the Claimant, Justin Murph, was never found to be in violation of 18 U.S.C. §1952 and that the Defendant Currency was not found to be traceable to an offense constituting a "specific unlawful activity" as defined in 18 U.S.C.§981(a)(1)(C).

## EIGHTH AFFIRMATIVE DEFENSE

Forfeiture of the Defendant Currency violates the Due Process Clause of the Fifth Amendment to the United States Constitution because law enforcement officers involved in pursuing the forfeiture have a financial incentive in securing forfeiture. State and federal law enforcement agencies involved in the forfeiture may retain proceeds from the forfeiture to fund their activities. And, on information and belief, individual law enforcement officials within the relevant state and federal law enforcement agencies have an incentive to forfeit property to ensure their job security.

## NINTH AFFIRMATIVE DEFENSE

Forfeiture of the Defendant Currency is barred by the Appropriations Clause of Article 1, Section 9 of the United States Constitution. If the forfeiture is completed, law enforcement agencies will be able to use money from the forfeiture to fund their activities absent any appropriation from Congress. But, under the Appropriations Clause, money for government spending *must* be secured through congressional appropriation.

## TENTH AFFIRMATIVE DEFENSE

Forfeiture of the Defendant Currency is barred by the prohibition against excessive fines set forth in the Eighth Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Forfeiture of the Defendant Currency is barred due to there being no law prohibiting an individual from carrying large sums of United States currency on its person at any given time while traveling within the United States.

WHEREFORE, Justin Murphy seeks the following relief:

1. That the Defendant Currency be returned to his possession;

2. That Plaintiff's claim for the Defendant Currency be dismissed;

3. That, pursuant to 28 U.S.C.A. §2465(b)(1)(A), that Justin Murphy be awarded reasonable attorney fees and other litigation costs reasonable incurred by the claimant in pursuing said matter;

4. That Justin Murphy be awarded pre-judgment and post-judgment interest on the Defendant Currency pursuant to 28 U.S.C.A. §2465(b)(1)(B)-(C); and,

5. That Justin Murphy by awarded any such other relief as this Honorable Court deems just and proper.

Respectfully submitted,

/S/ William S. Jennings
William S. Jennings
Law Offices of William S. Jennings, LLC
Post Office Box 13808
Las Cruces, NM 88013
575-308-0308
Email: shane@wshanejennings.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing pleading was filed electronically through the CM/ECF and notice of filing has been electronically mailed to the U.S. Attorney's Office and all counsel record, on the 8th day of March 2018.

/S/ William S. Jennings

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
     Plaintiff,

v.

Case No. 1:17-cv-01234-RB-CEG

$71,000.00 IN UNITED STATES CURRENCY, et al.
     Defendants.

### VERIFICATION

STATE OF ___PL___

COUNTY OF ___Charlotte___ ; to wit

Justin Murphy, being first duly sworn upon oath, states that he is the Petitioner herein and

that he has read said **ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE** *IN*

*REM* and knows and understands the contents thereof and that the statements contained therein

are true as stated.

_____
Justin Murphy

SUBSCRIBED AND SWORN to before me this 28th day of ___Feb___ , 2018

by ___Alison Black___ .

_____
NOTARY PUBLIC

My Commission Expires: ___3-19-2019___

Alison Michelle Black
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF211799
Expires 3/19/2019