# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                   Civ. No. 1:17-cv-01234-RB-CG

$71,000.00 IN U.S. CURRENCY,

      Defendant-in-rem,

and JUSTIN MURPHY,

      Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' Motion to Strike Claimant's Untimely Jury Trial Demand. (Doc. 44.) For the reasons set forth below, the Court **GRANTS** the motion and strikes Claimant Justin Murphy's jury demand (Doc. 43). The Court will conduct a bench trial in this case.

## I. Background

The United States filed its verified complaint for forfeiture *in rem* on December 15, 2017. (Doc. 1.) The complaint did not include a jury demand. (*Id.*) On February 21, 2018, Claimant Justin Murphy ("Claimant") filed a verified notice of claim asserting an interest in the defendant property. (Doc. 7.) On March 8, 2018, Claimant filed an answer to the verified complaint. (Doc. 9.) Claimant did not make a jury demand in either his answer or his notice of claim. (*Id.*)

On April 26, 2018, Plaintiff filed the parties' Joint Status Report and Provisional Discovery Plan (JSR). (Doc. 11.) The JSR gave conflicting information regarding a jury demand. (*Id.* at 8–9.) The parties initially marked the trial as a "non-jury case", but at the end of the JSR, "counsel

for Claimant demand[ed] a [j]ury [t]rial." *Id*. On May 4, 2018, the Court entered a Scheduling Order with a six-month discovery track. (Doc. 14.)

On May 7, 2018, the Court set the case for a two-day bench trial commencing on July 29, 2019. (Doc. 20 (Notice).) The Court also set pretrial conferences for May 24, 2019, and June 28, 2019. (Docs. 18–19.)

Approximately eight months later, on January 9, 2019, Claimant filed a formal Jury Demand. (Doc. 43.) Claimant specifically demanded a twelve-person jury in the case "pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure." (*Id*.) The United States now moves to strike Claimant's jury demand as untimely. (Doc. 44.) Although the United States indicates that its motion to strike is opposed, Claimant did not file a response to the motion. The United States filed a notice of briefing completion on March 4, 2019. (Doc. 45.)

**II.     Analysis**

   **A. Claimant did not properly demand a jury trial under Rule 38**

   Rule 38(b) provides that a party may demand a jury trial by:

   (1) Serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
   (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b). The "last pleading directed to the issue" will "generally be an answer or a reply, if appropriate, and is determined on a claim by claim basis." *In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir. 1990); *see also McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990) (the last pleading directed to an issue is normally "an answer, or, with respect to a counterclaim, a reply"). Rule 38 further provides that the failure to serve and file a jury demand properly waives a party's right to a jury trial. Fed. R. Civ. P. 38(d).

Here, Claimant did not include a jury demand in his verified answer, which was the last pleading in this matter. (Doc. 9.) Claimant's verified answer was filed and served on March 8, 2018. (*Id.*) Claimant's formal jury demand is untimely because it was filed and served on January 9, 2019 – nearly ten months past the 14-day time period given in Rule 38. (Doc. 43.) Even if the Court assumes that Claimant's request for a jury trial in the JSR was adequate under Rule 38, that request was also untimely because the JSR was filed on April 26, 2018, a little over one month after the 14-day period elapsed. (Doc. 11.) Thus, Claimant has waived his right to a jury trial due to his failure to make a timely demand for a jury trial. Fed. R. Civ. P. 38(d).

**B. The Court will not exercise its discretion to order a jury trial under Rule 39**[1]

Under Rule 39(b), if a party fails to properly demand a jury trial, the Court nonetheless "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The Tenth Circuit "has held that, absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) (per curiam). Nevertheless, it is not an abuse of discretion to deny relief under Rule 39(b) when the failure to make a timely jury demand results from mere inadvertence of the moving party. *Id*.

Claimant offered no explanation for the untimeliness of his request for a jury trial in either his formal jury demand or in the JSR. (Docs. 43; 11.) Claimant also failed to file a response to the motion to strike.[2] In short, Claimant has not given the Court any basis to exercise its discretion

---

[1] Although he cited Rule 39 in his formal jury demand (Doc. 43), Claimant did not file a motion requesting a jury trial as required under Rule 39(b). *See* Fed. R. Civ. P. 39(b) (stating that the Court may, "on motion," order a jury trial). To the extent Claimant demands a jury trial under Rule 39, the Court will construe Claimant's formal jury demand (Doc. 43) as a Rule 39(b) motion.

[2] Under this district's local rules, Claimant's failure to file a response brief constitutes an independent basis for granting the United States' motion to strike. *See* D.N.M. LR-Civ. 7.1(b) (providing that a party's failure to file a response in opposition to a motion "constitutes consent to grant the motion").

under Rule 39(b) to order a jury trial. There simply appears to be no reason beyond mere inadvertence for Claimant's failure to make a timely jury demand. Further, at this late juncture, it would be unfair to the United States if the Court were to order a jury trial because discovery closed several months ago, and the United States proceeded through pretrial discovery under the assumption that the case would be a bench trial. Finally, trial is imminent, and the initial pretrial conference is set for next month. (Docs. 18–20.) Under these circumstances, the Court declines to exercise its discretion under Rule 39 to order a jury trial. *See Dill v. City of Edmond*, 155 F.3d 1193, 1208 (10th Cir. 1998) *abrogated on other grounds by Chiddix Excavating, Inc. v. Colo. Springs Utilities*, 737 F. App'x 856 (10th Cir. 2018) (holding that denial of jury trial was not an abuse of discretion when plaintiff offered no excuse for untimely jury request, made almost a year and a half after the original complaint was filed, and when plaintiff made no attempt to demonstrate that his untimely demand was due to anything other than inadvertence or oversight). The trial in this case will be a bench trial.

**IT IS THEREFORE ORDERED THAT**:

1. The United States' Motion to Strike Claimant's Untimely Jury Trial Demand (Doc. 44) is **GRANTED**.
2. The parties are directed to file a consolidated proposed Pretrial Order as follows: the United States to Claimant on or before **April 26, 2019**; Claimant to Court on or before **May 10, 2019**.

**IT IS SO ORDERED**.

                                                ROBERT C. BRACK
                                                SENIOR U.S. DISTRICT JUDGE